THOMAS D. MAURIELLO (SBN 144811)
MAURIELLO LAW FIRM, APC
1181 Puerta Del Sol, Suite 120
San Clemente, CA 92673
Tel: 949/542-3555
Fax: 949/606-9690
tomm@maurlaw.com

Attorneys for Plaintiff and the Class

(Additional counsel listed on signature page)

GRESHAM SAVAGE NOLAN & TILDEN, PC
RICHARD MARCA
3750 University Avenue, Suite 250
Riverside, CA 92501-3335
Office: (951) 684-2171
Fax: (951) 684-2150
Richard.marca@greshamsavage.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREWSTER SWANLUND, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MATHTUTORDVD.COM,<br><br>                    Defendant. | Case No.: 5:13-cv-01021-JGB-SP<br><br><br>**JOINT RULE 26 STATEMENT**<br><br>Date: March 17, 2014<br>Time: 11:00 a.m.<br>Courtroom: 1<br>Judge: Hon. Jesus G. Bernal |

1

Plaintiff Brewster Swanlund ("Plaintiff") and Defendant MathTutorDVD.com ("Defendant") submit this Joint Report pursuant to Rule 26(f), the Central District Local Rules, and the Court's January 17, 2014 Order Re: Scheduling Conference. [Document 22]

**A.      Statement of the Case:**

*Plaintiff's Statement*

Plaintiff brings his claim on behalf of himself and all others similarly situated for Defendant's violation of California Penal Code section 632.7, which prohibits the intentional, non-consensual recording of any telephone communication without the consent of all parties where at least one party to the conversation is either using a cordless or cellular telephone.

In April, 2013, while located in California, Plaintiff called Defendant's customer service line from a wireless telephone in California.  Plaintiff was not aware that his call was being recorded, and Defendant did not advise Plaintiff that the call was being recorded.  Plaintiff did not give either express or implied consent to the recording.  After completing his call, Plaintiff learned that Defendant recorded all incoming telephone calls but did not disclose this to callers.

*Defendant's Statement*

Defendant MATH TUTOR DVD, LLC, a Texas limited liability company and a single person business, provides tutoring services through DVDs literally out of the personal home of its owner/tutor.  Because of its small size, Defendant cannot handle all of the potential customer calls and therefore retained the services of an independent contractor, A-CTI Teleservices, Inc. dba AnswerConnect, an answering service company with its principal place of business in Portland, Oregon.  Defendant never recorded the telephone calls of anyone nor are there any records in existence that prove otherwise.  However, it is presently unknown whether Defendant's independent contractor, AnswerConnect, recorded calls beyond isolated occurrences or whether it kept records to identify which, if any

such calls, occurred through wireless or cordless telephones when it answered calls for Defendant.  From documents received, it appears that AnswerConnect may have, on isolated occasions, recorded some calls, but it is impossible to ascertain whether any such calls involved a consumer use of a wireless or cordless telephone.

**B.      Subject Matter Jurisdiction**:

This Court has diversity jurisdiction of this action pursuant to 28 U.S.C. §§ 1332(d)(2) and (6) because (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states.

**C.      Legal Issues**:

***Issues identified by Plaintiff***:

1.  Whether Defendant secretly recorded calls from cordless or wireless telephones without the consent of the callers;

2.  When Defendant began its practice of recording calls;

3.  Whether Defendant ended its practice of recording calls and, if so, when;

4.  The number of wireless or cordless calls secretly recorded by Defendant;

5.  Whether Defendant violated Section 632.7 by secretly recording calls; and

6.  Whether certification of Plaintiff's claims as a class action is appropriate.

***Issues identified by Defendant***:

1.      Whether Defendant can be held liable for the tortious or criminal acts of an independent contractor.

2.      Whether certification of Plaintiff's claim as a class is appropriate

JOINT RULE 26 STATEMENT                                                    Case No.: 5:13-cv-01021-JGB-SP

where the class is not ascertainable, numerosity cannot be shown or where a common practice or policy cannot be established.

**D.      Parties, Evidence, etc.:**

*Plaintiff's Statement*:

Plaintiff is a percipient witness to his wireless call to Defendant.

Defendant's employee or contractor "Kathy" spoke with Plaintiff.

Plaintiff believes that Defendant and/or its third party agent(s), including but not limited to answering service AnswerConnect, have evidence relevant to the case and maintain records, including documents and audio recordings, constituting and relating to telephone calls between Defendant and putative Class members and Defendant's practice of recording the same that will be relevant evidence in this case.

*Defendant's Statement*:

Defendant's single employee and owner, Jason Gibson, will be Defendant's only witness.  Because Defendant never maintained a practice nor recorded telephone calls of its potential customers, there is no other evidence to present beyond the testimony of Mr. Gibson.

**E.      Damages:**

*Plaintiff's Statement*

Plaintiff has not yet had sufficient discovery to prepare an estimate of provable damages, which would at this time be speculative. Plaintiff notes, however, that Section 632.7 provides for a penalty of $2,500 per incident.

*Defendant's Statement*

Because it is nearly impossible to ascertain from the hundreds of potential customers who called Defendant directly or who called its answering service, AnswerConnect, which of those callers utilized a wireless or cordless telephone to

trigger potential liability under California Penal Code § 632.7, it is submitted that any alleged damage will always be speculative.

**F.    Insurance:**

No applicable insurance.

**G.    Motions**:

The parties do not presently anticipate motions seeking to add parties or claims, file amended pleadings, or to transfer venue.

*Class Certification*

Plaintiff anticipates filing a motion for class certification and that Defendant will oppose.  In accordance with the Court's order allowing Plaintiff to extend the deadline for Plaintiff to file his class certification motion beyond the deadline set forth in Local Rule 23-3, the parties have agreed on the following schedule for class certification:

- May 12, 2014:  Plaintiff to file his motion, supporting brief, affidavits, if any, and all other supporting material.
- June 2, 2014:  Defendant to file its brief in opposition, affidavits, if any, and all other supporting material.
- June 16, 2014:  Plaintiff to file a reply brief.
- June 30, 2014:  Proposed hearing date.

**H.    Manual for Complex Litigation**:

The parties suggest that the Manual for Complex Litigation should be utilized as a reference.

**I.    Status of Discovery**:

The parties have engaged in discussions relating to the appropriate scope and schedule for discovery in these matters.  Plaintiff has served requests for production of documents.  Defendants have provided written responses but have produced no documents.

Plaintiffs have served a subpoena duces tecum on AnswerConnect and

have received responsive documents.

The parties will exchange Rule 26(a) Initial Disclosures on or before March 20, 2014

**J.     Discovery Plan**:

The parties do not propose any changes in disclosures pursuant to Rule 26(a).

Generally, the parties do not believe that discovery should be phased or limited.

Plaintiff have sought and will seek discovery concerning the recording of wireless or cordless telephone calls, the nature of and reasons for the recording of such calls, policies and procedures for recording, disclosures of the recording, if any, changes in practices and reasons for change in practice, and the volume of calls recorded.

At present, Defendant anticipates seeking discovery concerning the deposition of Plaintiff, Brewster Swanlund.

**K.     Discovery Cut-off:**

The parties propose a fact discovery cut-off date of August 31, 2014.

**L.     Expert Discovery**:

The parties propose the following schedule for expert discovery:

July 30, 2014 – Initial expert disclosure.

August 20, 2014– Rebuttal expert disclosure.

September 30, 2014 – Complete expert discovery, including depositions.

**M.     Dispositive Motions**:

Plaintiff anticipates filing a motion for summary judgment after class certification is decided.

Defendant anticipates filing a Motion for Summary Judgment.

**N.     Settlement/Alternative Dispute Resolution (ADR)**:

Plaintiff is willing to engage in meaningful settlement discussions and any of the three ADR procedures, following appropriate discovery.  Defendant has limited resources and cannot participate in private mediation but is willing to participate in a settlement conference with the Magistrate Judge or a mediation with a Panel Mediator.

Pursuant to Local Rule 16-15.4, the parties select ADR Procedure No. 1 and, at the appropriate time, if necessary, will participate in a settlement conference with the Magistrate Judge.

**O.     Trial Estimate**:

The parties estimate that three days will be required for trial.  The parties agree that trial will be by jury.

**P.     Trial Counsel:** the name(s) of the attorney(s) who will try the case.

*For Plaintiff*

Scott R. Shepherd, James C. Shah, and Thomas D. Mauriello.

*For Defendant*

Richard Marca.

**Q.     Independent Expert or Master:**

The parties do not anticipate the need for a special master at this time.

**R.     Timetable:**

See "Exhibit A" attached.

**S.     Other Issues:**

At this time, the parties are not aware of any other issues to report

7

Dated:  March 4, 2014

| MAURIELLO LAW FIRM, APC | GRESHAM SAVAGE NOLAN & TILDEN, PC |
|---|---|
| By: /s/ Thomas D. Mauriello<br>THOMAS D. MAURIELLO<br>(SBN144811)<br>1181 Puerta Del Sol, Suite 120<br>San Clemente, CA  92673<br>Tel:  (949) 542-3555<br>Fax: (949) 606-9690<br>tomm@mauriellolaw.com<br><br>ROSE F. LUZON (SBN 221544)<br>SHEPHERD, FINKELMAN,<br>MILLER & SHAH, LLP<br>401 West A Street, Suite 2350<br>San Diego, CA  92101<br>Tel: (619) 235-2416<br>Fax: (619) 234-7334<br>rluzon@sfmslaw.com<br><br>SCOTT R. SHEPHERD<br>JAMES C. SHAH (SBN 260435)<br>35 E. State Street<br>Media, PA  19063<br>Tel.: (610) 891-9880<br>Fax: (610) 891-9883<br>sshepherd@sfmslaw.com<br>jshah@sfmslaw.com<br><br>**Counsel for Plaintiff** | By: /s/ Richard Marca<br><br>3750 University Avenue, Suite 250<br>Riverside, CA 92501-3335<br>Office: (951) 684-2171<br>Fax: (951) 684-2150<br>Richard.marca@greshamsavage.com<br><br>**Counsel for Defendant** |

# EXHIBIT A

## SCHEDULE OF PRETRIAL AND TRIAL DATES

*Holmes v. Unicity International, Inc.*, 2:13-cv-07590-MMM-JC

| Matter | Time | Weeks before trial | Plaintiff's Request | Defendant's Request | Court's Order |
|---|---|---|---|---|---|
| Trial (jury) (court) (length days) **(Tuesday at 9: 00 A.M.)** | 8:00 am | | 11/17/14 | 11/17/14 | |
| For Court Trial Lodge Findings of Fact and Conclusions of Law, LR *52,* and Summaries of Direct Testimony | | 3 | 10/27/14 | 10/27/14 | |
| Pretrial Conference, LR 16; Hearing on Motions in Limine | 3:00 pm | 4 | 10/20/14 | 10/20/14 | |
| For Jury Trial Lodge Pretrial Conference Order, LR 16-7; File Agreed Set of Jury Instructions and Verdict Forms; File Statement Regarding Disputed Instructions, Verdicts, etc.; File Oppositions to Motions in Limine | | 6 | 10/6/14 | 10/6/14 | |
| For Jury Trial File Memo of Contentions of Fact and Law, LR 16-4; Exhibit & Witness Lists, LR *16-5,6;* File Status Report Regarding Settlement; File Motions in Limine | | 7 | 9/29/14 | 9/29/14 | |
| Last date to conduct ADR Proceeding, LR 16-15 | | 12 | 8/25/14 | 8/25/14 | |
| Last day for **hearing** motions, LR 7 | | 14 | 8/11/14 | 8/11/14 | |
| Non-expert Discovery Cut-off | | | 8/31/14 | 8/31/14 | |
| Expert Disclosure (initial) | | | Plaintiffs' Expert: 7/31/14 Deft's Expert: 7/31/14 | Plaintiffs' Expert: 7/31/14 Deft's Expert: 7/31/14 | |
| Expert Disclosure (rebuttal) | | | 8/31/14 | 8/31/14 | |
| Expert Discovery Cut-off | | | 9/30/14 | 9/30/14 | |
| Last Date to Amend Pleadings or Add Parties | | | 05/30/14 | 05/30/14 | |

1

2          LR 16-15 ADR Choice

3     ☒   1.  USMJ

4     ☐   2.  Attorney Settlement Panel

5     ☐   3.  Outside ADR

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT RULE 26 STATEMENT                                    Case No.: 5:13-cv-01021-JGB-SP